IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,    Crim. No. S-05-0211 DFL KJM P

  vs.

TERRY LEE GARRETT,

    Defendant.    <u>ORDER</u>

_____/

    On March 27, 2006, the court heard argument and discussion of counsel on defendant's motion for discovery. Gilbert A. Roque, Esq., appeared for defendant, who was present in custody. Jason Hitt, Assistant United States Attorney, appeared for the government.

1. <u>Defendant's Statements, Fed. R. Cr. P. 16(a)(1)(A) & (B)</u>

    Defendant agreed that the government had provided defendant's statements and accepted the government's representation that all those present when the statements were taken are identified in the reports. To the extent the identities of these persons have not been revealed, the government agrees to provide any Jencks and <u>Giglio</u>[1] material two weeks prior to trial.

---

[1] Jencks Act, 18 U.S.C. § 3500; <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

1

2. Defendant's Rap Sheet, Fed. R. Cr. P. 16(a)(1)(D)

      Defendant confirmed that the rap sheet has been provided.

3-4. Documents And Tangible Objects, Fed. R. Cr. P. 16(a)(1)(E)

      Defendant confirmed that the government has provided the material sought in these requests.  The government represents that any additional documents and/or objects are available for inspection upon defendant's request.

5. Reports Of Examinations And Tests, Fed. R. Cr. P. 16(a)(1)(F)

      Defendant accepted the government's representation that no such tests or examinations have been performed.  The government noted that to the extent the report concerning the interstate nexus of the guns at issue in this case might be deemed a test, the report will be prepared shortly and provided to the defense.

6. Reports Of Expert Witnesses, Fed. R. Cr. P. 16(a)(1)(G)

      To the extent the nexus report referenced above, which will be prepared by an ATF agent, is deemed the report of an expert witness, the government has noted its willingness to comply.  Any other reports from experts will be turned over two weeks before trial, following trial confirmation hearing.

7. Statements Of Co-Conspirators

      Both counsel agree there are no co-conspirators in this case.  To the extent defendant is seeking any statement from a witness who was with defendant during one of the charged crimes, the government will provide that Jencks Act material two weeks before trial.

8. Rap Sheets Of Government Witnesses

      The government will provide this Jencks Act and Giglio material two weeks before trial unless some unforeseen security issue arises.

9. <u>Brady Material</u>

The government confirmed its understanding of its continuing obligation to release exculpatory material relevant to guilt or useful for impeachment under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

10. <u>The Identity Of Confidential Informants</u>

To the extent defendant is asking for the identity of the government's witnesses and their statements, the government will provide this information two weeks before trial, absent some unforeseen security concern.

To the extent defendant is asking for the identities of any confidential informant, the issue is not properly before this court. Under Local Rule 12-430(b) and 72-302(b)(1), such a motion must be brought before the district court. This court also will not direct the government to reveal whether any confidential informants were involved in this case.

11. <u>Evidence Of Other Acts, Fed. R. Evid. 404(b)</u>

The evidence sought by this request is not properly the subject of discovery. The government agreed to provide notice of its intention to use such evidence, should such arise, within the reasonable time contemplated by Rule 404(b).

12. <u>Reciprocal Discovery</u>

Defendant is directed to comply with Federal Rule of Criminal Procedure 16(b).

IT IS SO ORDERED.

DATED: April 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
garr0211.dsc